Daniel G. Ruggiero, Esq. (412574)
275 Grove Street, Suite 2-400,
Newton, MA 02466
Telephone: 339-237-0343
Fax: 339-707-2808
Email: druggieroesq@gmail.com
*Attorney for Plaintiff*,
*Christyna Ziegler*

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| Christyna Ziegler,<br><br>    Plaintiff,<br><br>    v.<br><br><br>NAVIENT SOLUTIONS, INC.,<br><br>    Defendant. | Case No.:<br><br><br><br>COMPLAINT AND DEMAND FOR JURY TRIAL<br><br>1. TCPA, 47 U.S.C. § 227<br>2. CONNECTICUT FAIR DEBT COLLECTION PRACTICES ACT, § 363a-645 |

## **COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, Christyna Ziegler ("Plaintiff"), through her attorneys, alleges the following against Defendant, Navient Solutions, Inc., ("Defendant"):

## **INTRODUCTION**

1) Count I of Plaintiff's Complaint is based upon the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The TCPA is a federal statute that broadly regulates the use of automated telephone equipment. Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts the use of automatic

dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC").

2) Count II of Plaintiff's Complaint is based upon the Connecticut Fair Debt Collections Practices Act § 36a-645 ("CFDCPA"). The CFDCPA is a state statute that regulates collections practices by Creditors as opposed to third party debt collectors. The CFDPCA prohibits the use of abusive, harassing, fraudulent, deceptive or misleading representation, device or practice to collect or attempt to collect any debt.

## JURISDICTION AND VENUE

3) Jurisdiction of the Court arises under 47 U.S.C. §227 et seq. and 28 U.S.C. 1331.

4) Venue is proper pursuant to *28 U.S.C. 1391(b)(2)* in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

5) Defendant transacts business here; personal jurisdiction is established.

## PARTIES

6) Plaintiff is a natural person residing in Torrington, Litchfield County, Connecticut.

7) Defendant, Navient Solutions, Inc., is a creditor engaged in offering a variety of loan management, servicing, and business processing solutions to clients in education, healthcare, and government loans with its principal place of business located in Wilmington, Delaware. Defendant can be served with process at 123 S. Justison Street, Wilmington, DE 19801.

8) Defendant acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

9) Defendant is attempting to collect a debt from Plaintiff.

10) In or around October 2016, Defendant began placing calls to Plaintiff's cellular phone number (203) 228-8649, in an attempt to collect an alleged debt incurred by Plaintiff related to a Private Student Loan (the "debt").

11) The calls mainly originated from: (716) 707-3275; (607) 215-7706; (570) 904-8746; (513) 914-4612; (615) 432-4230; (386) 269-0328; (512) 354-2002; (703) 439-1081; (202) 899-1319; (856) 242-2501; (856) 242-2505; (716) 707-3278; (716) 707-3298; (617) 762-3960; (617) 762-5955; (202) 899-1316; (202) 899-1321; (765) 637-0793; (856) 242-2502; (765) 637-0793; (765) 637-0795; (856) 242-2503; (765) 637-0795; (317) 550-5602; (302) 261-5690; (703) 439-1081; (703) 439-1087; (570) 904-8748; (512) 377-9226; (512) 354-2004; (615) 432-4232; (513) 914-4615; (716) 707-3293; (716) 707-3377; (716) 707-3298; (607) 271-6198; upon information and belief, these numbers are owned or operated by Defendant. The list of phone numbers may not include other numbers Defendant may have made calls from.

12) On or about October 13, 2016 at 5:46 P.M., Plaintiff answered a call from Defendant originating from telephone number (716) 707-3275; Plaintiff heard a

short pause before one of Defendant's agents began to speak, indicating the use of an automated telephone dialing system.

13) Defendant informed Plaintiff that he was calling in an attempt to collect a debt. During this phone call, Plaintiff unequivocally revoked consent to be contacted on her cellular phone any further; despite her request the calls persisted.

14) On or about October 18, 2016 at 12:08 P.M., Plaintiff answered another phone call from Defendant originating from telephone number (607) 215-7706 and spoke to a representative. During that phone call, Plaintiff, for the second time, revoked consent to be called on her cellular phone; Plaintiff instructed the agent that the request was for all accounts and further requested to be contacted by mail only.

15) On or about November 9, 2016, at 1:32 P.M., Plaintiff answered another phone call from Defendant originating from (513) 914-4612 and spoke to Candace Zachary. During that phone call, Plaintiff, for the third time, revoked consent to be called on her cellular phone.

16) That request was again ignored and Plaintiff continued to receive phone calls from the Defendant throughout the months of October, November, and December.

17) On several occasions, Plaintiff received multiple phones calls on the same day from Defendant; for example: On October 28, 2016, Plaintiff received six (6) phone calls from Defendant; On November 29, 2016, Plaintiff received eight (8) phone calls from Defendant; On December 16, 2016, Plaintiff received six (6) phone calls from Defendant.

18) On or about January 10, 2017, at 9:03 A.M., Plaintiff answered another phone call from Defendant originating from (202) 899-1319 and spoke to a representative. During that phone call, Plaintiff, for the fourth time, revoked consent to be called on her cellular phone.

19) That request was again ignored, and on January 20, 2017 at 1:27 P.M., Plaintiff answered another phone call from Defendant originating from telephone number (856) 242-2501 and revoked consent to be contacted on her cellular phone for a fifth time.

20) That request was again ignored and Plaintiff continued to receive phone calls from the Defendant throughout the months of January and February.

21) On or about March 29, 2017, at 2:33 P.M., Plaintiff answered another phone call from Defendant originating from (512) 377-9226 and spoke to a representative. During that phone call, Plaintiff, for the sixth time, revoked consent to be called on her cellular phone.

22) That request was again ignored and Plaintiff continued to receive phone calls from the Defendant throughout the month of March.

23) On or about April 13, 2017, at 10:52 P.M., Plaintiff answered another phone call from Defendant originating from (615) 432-4232 and spoke to a representative. During that phone call, Plaintiff, for the seventh time, revoked consent to be called on her cellular phone.

24) That request was again ignored and on April 17, 2017 at 2:26 P.M., Plaintiff answered another phone call from Defendant originating from (856) 242-2505 and revoked consent to be contacted on her cellular phone for the eighth time.

25) The next day, on April 18, 2017 at 11:07 A.M., Plaintiff answered another phone call from Defendant originating from (856) 242-2505 and spoke to a representative. During that phone call, Plaintiff, for the ninth time, revoked consent to be called on her cellular phone.

26) That request was again ignored, and the same day at 3:37 P.M., Plaintiff answered another phone call from Defendant originating from telephone number (615) 432-4232 and revoked consent to be contacted for the tenth time.

27) Plaintiff received six (6) phone calls on April 18, 2017 despite answering at least two of the calls and requesting the calls to cease.

28) On or about April 19, 2017, at 3:45 P.M., Plaintiff answered another phone call from Defendant originating from (513) 914-4621 and spoke to a representative. During that phone call, Plaintiff, for the eleventh time, revoked consent to be called on her cellular phone.

29) On April 21, 2017 at 8:21 A.M., Plaintiff answered another phone call from Defendant originating from (516) 914-4615 and spoke to a representative. During that phone call, Plaintiff, for the twelfth time, revoked consent to be called on her cellular phone.

30) That very day, just six (6) minutes later at 8:27 A.M., Plaintiff answered another phone call from Defendant originating from (516) 914-4615 and spoke to a

representative. During that phone call, Plaintiff, for the thirteenth time, revoked consent to be called on her cellular phone.

31) That very day, at 3:36 P.M., Plaintiff answered another phone call from Defendant originating from (513) 914-4621 and spoke to a representative. During that phone call, Plaintiff, for the fourteenth time, revoked consent to be called on her cellular phone.

32) Plaintiff received eight (8) phone calls from Defendant on April 21, 2017 and Plaintiff revoked consent to be called on her cellular phone three (3) times that day; all requests were ignored.

33) On or about April 25, 2017, at 3:45 P.M., Plaintiff answered another phone call from Defendant originating from (513) 914-4615 and spoke to a representative. During that phone call, Plaintiff, for the fifteenth time, revoked consent to be called on her cellular phone.

34) Plaintiff's requests continued to be ignored and on April 27, 2017, Plaintiff sent a letter to Navient by fax (delivery confirmation received) requesting that they cease and desist contacting her by phone.

35) On April 29, 2017, Plaintiff received a letter from Defendant confirming the receipt of the recent request to stop the collection calls.

36) Despite acknowledging receipt of the cease and desist, Defendant continued to repeatedly call Plaintiff on her cell phone.

37) On or about May 17, 2017, at 3:34 P.M., Plaintiff answered another phone call from Defendant originating from (856) 242-2505 and spoke to a representative.

During that phone call, Plaintiff verified her identity and was asked by the representative if Defendant could call her on her cellular phone. Plaintiff responded by saying "No." Defendant then asked if it could call Plaintiff's mom's cell phone and Plaintiff again responded by saying "No." Defendant proceeded to ask if they could call a third number, and Plaintiff responded by asking Defendant to stop calling. Defendant also asked if Defendant could call using an auto dialer and Plaintiff responded by saying "No."

38) The constant phone calls from Defendant has caused Plaintiff emotional distress as the phone would ring multiple times a day and continue to ring even after repeated requests to stop calling on Plaintiff's cellular phone.

39) Plaintiff is a veterinarian assistant at a 24-hour emergency hospital.

40) Plaintiff works from 8pm until 8am.

41) Defendant's aggressive and harassing repeated phone calls has disrupted Plaintiff's sleep and has stopped Plaintiff from getting the rest she requires for her job.

42) Plaintiff revoked consent to be contacted on her cellular phone approximately twenty (20) times including one faxed/written request. All the revocations were ignored and Defendant continued to call Plaintiff.

43) The aggressive and harassing nature of the calls over the seven (7) month period has made it difficult for Plaintiff to use her cellular phone without being worried about further calls from Defendant.

44) Between October 2016 and May 2017, Defendant has contacted Plaintiff on her cellular phone approximately five-hundred (500) times in violation of the TCPA and CFDCPA.

## COUNT I

### (Violations of the TCPA, 47 U.S.C. § 227)

45) Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

46) Defendant violated the TCPA. Defendant's violations include, but are not limited to the following:

   a) Within seven (7) months prior to the filing of this action, on multiple occasions, Defendant violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

   b) Within seven (7) months prior to the filing of this action, on multiple occasions, Defendant willfully and/or knowingly contacted Plaintiff at Plaintiff's cellular phone using an artificial prerecorded voice or an automatic telephone dialing system and as such, Defendant knowing and/or willfully violated the TCPA.

47) As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendant knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of one thousand five hundred dollars ($1,500.00) for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT II

48) Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

49) Defendant violated the CFDCPA. Defendant's violations include, but are not limited to the following:

   a) Within the seven (7) months preceding the filing of this Complaint Defendant contacted Plaintiff approximately five-hundred (500) times on her cellular phone despite twenty (20) separate revocations, both oral and written, the natural consequence of which would be to harass and abuse Plaintiff in order to coerce her to make a payment towards the debt in violation of § 36a-646.

   b) As a result of such conduct, Plaintiff is entitled to actual damages sustained by her in addition to statutory damages not to exceed $1,000.00 as well as reasonable attorneys' fees and pursuant to § 36a-648.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Christyna Ziegler, respectfully requests judgment be entered against Defendant, Navient Solutions, Inc., for the following:

A. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C);

B. Statutory and Actual damages pursuant to § 36a-648.

C. Reasonable costs and attorneys' fees pursuant to § 36a-648; and

D. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

Dated: May 23, 2017            By:*/s/ Daniel G. Ruggerio*
Daniel G. Ruggiero, Esq. (412574)
275 Grove Street, Suite 2-400,
Newton, MA 02466
Phone: 339-237-0343
Fax: 339-707-2808
Email: druggieroesq@gmail.com
*Attorney for Plaintiff*,
*Christyna Ziegler*